Dear Mr. Harris:
You have requested an opinion of this office concerning the selection and retention of a contract accountant serving as City Auditor.
The basic facts as I understand them is that in 1987 the mayor nominated an auditor who was subsequently confirmed by the members of the Board of Aldermen. On January 1, 1991 the mayor, who was re-elected, and the present Board of Aldermen began new terms. The mayor made recommendations to the Board of Aldermen for various positions, but did not make any recommendations for city auditor as he felt the previous appointment was still valid.
This is the basic conflict as the Board of Aldermen believe that at the start of each new term the mayor should make a new recommendation whereas the mayor feels the previous appointment is still valid.
In order to provide a more precise answer to you and to answer additional questions asked over the phone, I have paraphrased and supplemented your questions.
 (1) What statutory authority empowers the mayor and Board of Aldermen to hire, by contract, a city auditor?
 LSA R.S. 24:517 Municipal corporations; other public and quasi-public bodies and agencies; examination of books
 A.(6) In order to fulfill the requirements imposed upon any public or quasi-public agency or body or political subdivision of the state by the provisions of this Subsection, any such body shall have the authority to contract for such professional services, without public bid, as are reasonably necessary for the conducting of examination and an audit of books herein required.
By this statute the mayor and Board of Aldermen may contract for the services of city auditor.
There is no limitation imposed by LSA R.S. 24:517 in regards to the length of time of the auditors contract.
(2) Who recommends and approves the auditors contract?
LSA R.S. 33:404 Duties of mayor
 (3) . . . Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the Board of Aldermen of that municipality.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
From these two sections of LSA R.S. 33:404 the mayor must recommend the city auditor and the Board of Aldermen must approve the contract.
(3) What is the length of the auditors contract?
Once the mayor provides a recommendation which is subsequently approved by the Board of Aldermen a contract is formed. The length of the contract period is established by the wording of the contract. If no contract period is specified, the auditor serves at the pleasure of the mayor and may be terminated at anytime.
However, there is one factor which limits the auditor's contract period. If no contract period has been specified, the contract terminates at the end of the mayor's term of office. In addition, no contract period can be established greater in time than the mayor's term of office. Even if the mayor is re-elected he must recommend an auditor at the beginning of his new term for approval by the Board of Aldermen.
The reasoning for this is based upon classic separation of powers doctrine. Each branch, legislative, executive, and judicial serve as a check upon the other. To allow an auditor to serve past a mayor's term into the next term without a new recommendation by the mayor would usurp the power of the newly elected Board of Aldermen. A mayor could conceivably make appointments with no contract periods which once approved would allow him to virtually ignore future Boards of Aldermen.
The mayor may recommend the present auditor, but he must make a recommendation, subject to approval by the Board of Aldermen, when his new term begins.
Under the present fact pattern the mayor must make a recommendation for auditor to the Board of Aldermen.
 (4) Is the yearly commitment letter required by the legislative auditor a contract, and may the mayor enter same without prior approval of the Board of Aldermen in light of LSA R.S. 33:404(A)(3)?
 LSA R.S. 24:517 Municipal Corporations; other public and quasi-public bodies and agencies; examination of books
 B.(3) There shall be an agreement entered into between the municipality and auditor or accountant prior to the commencement of any audit under this Part, which agreement shall include the requirement that the audit be made in accordance with the provisions of the Louisiana Governmental Audit Guide, and that the auditor or accountant shall furnish a copy of the audit report along with any management letters of written recommendations to the legislative auditor immediately upon completion of said audit. The agreement shall further provide that the legislative auditor shall have access to the working papers of said auditor or accountant. . . .
The purpose of this agreement is to ensure that certain requirements, i.e. "the audit will be made in accordance with the provisions of the Louisiana Governmental Audit Guide . . ." are met by the city auditor.
There is no contract involved with the yearly commitment letter. For there to be a contract "consideration", "the giving up of a legal freedom" must be involved.
By the requirements of LSA R.S. 24:517 B.(3) the city auditor must comply with certain procedures listed under this statute. No legal relationship exists between the City of Breaux Bridge and the city auditor in regards to whether he will comply with this section.
A legal relationship cannot be formed with another party requiring them to obey a state statute. See CC Art. 1756 Obligations; definition.
The yearly commitment letter is not a contract.
If this office may be of any further assistance please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ROBERT L. COCO Staff Attorney